UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNAID RAMSEY HALL , <br><br> Plaintiff, <br><br> v. <br><br> ILENE ANDERSON, et al., <br><br> Defendant. | CASE NO.  3:24-cv-05455-LK-BAT <br><br> **ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff Junaid Ramsey Hall proceeds *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's second motion for appointment of counsel. Dkt. 41.

There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff previously moved for appointment of counsel shortly after filing his complaint.

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 1

Dkt. 9. The Court denied Plaintiff's motion finding that Plaintiff failed to demonstrate exceptional circumstances existed that warranted appointment of counsel. Dkt. 11.

In the instant motion Plaintiff contends the Court should appoint counsel because he has contacted several attorneys and they have declined to take his case. Dkt. 41. But this reason applies to most requests for appointment of counsel and therefore does not demonstrate exceptional circumstances.

Plaintiff also alleges that he has obtained evidence during discovery that shows he's likely to succeed on the merits and that due to his diagnosed mental health issues and the side effects of his medications it is difficult for him to properly maintain litigation. Dkt. 41. Plaintiff's filings, including his amended complaint, response to the motion to dismiss, and other motions, show he has the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. The amended complaint alleges Defendants violated Plaintiff's rights by failing to adequately treat Plaintiff's mental health issues. The allegations do not appear at this point to involve complex facts or law. Furthermore, while Plaintiff contends the evidence he obtained during discovery demonstrates a likelihood of success on the merits, the Court cannot make such a determination at this point in the case and on the current record. No summary judgment motions have been filed at this point and defendants have not had the opportunity to submit their own evidence or respond to any evidence Plaintiff intends to submit in support of his claim.

Accordingly, appointment of counsel is thus not presently justified, and the Court **ORDERS**:

//

//

//

1. The motion for appointment of counsel, Dkt. 41, is **DENIED**.

2. The Clerk shall provide a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 4th day of October, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge