UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNAID RAMSEY HALL, <br><br> Plaintiff, <br><br> v. <br><br> ILENE ANDERSON, et al., <br><br> Defendant. | CASE NO. 3:24-cv-05455-LK-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Junaid Ramsey Hall proceeds *pro se* and *in forma pauperis*, in this 42 U.S.C. § 1983 civil rights action. Pending before the Court is Plaintiff's Motion for Default Judgment against Defendants R. Hill[1] and A. Pecheos[2] pursuant to Local Civil Rule 55(b). Dkt. 40. After consideration of the relevant record, the undersigned recommends the Motion for Default Judgment (Dkt. 40) be denied. The undersigned further recommends that the claims against Defendant Pecheos be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

---

[1] The Court notes Plaintiff appears to spell this Defendant's name as "R. Hill" and as "R. Hull" at different points in his pleadings. Dkt. 15 at 12, 37-38.

[2] The Court notes Plaintiff appears to spell this Defendant's name as "A. Pecheos", "A. Pechoes" and "A. Pecneos" at different points in his pleadings. Dkts. 5, 15.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

In the Motion for Default Judgment, Plaintiff requests the Court enter default judgment against Defendants R. Hill and A. Pecheos. Dkt. 40. The Defendants who have appeared in this action – Pierce County, Ilene Anderson, Ruth Muuru, Megan Hamel, J. Place, K. Bier, and Naphcare Correctional Healthcare/NaphCare, Inc. (hereinafter "NaphCare")[3] oppose the motion arguing the motion is procedurally improper, Plaintiff has failed to show Defendants R. Hill and A. Pecheos have been properly served, and that default is otherwise inappropriate. Dkts. 42, 43.

Under Local Civil Rule ("LCR") 55(b), "[n]o motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." Here, Plaintiff has not sought, nor has the court granted, a motion for default pursuant to LCR 55(a) and default has not otherwise been entered. Therefore, plaintiff's Motion for Default Judgment (Dkt. 40) pursuant to Local Rule 55(b) should be denied as procedurally improper.

Furthermore, Federal Rule of Civil Procedure 4(d) provides:

> (d) Waiving Service.
> (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
> (A) be in writing and be addressed:
> (i) to the individual defendant; or
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

---

[3] The Court notes that Plaintiff's amended complaint identifies this Defendant as Naphcare Correctional Healthcare, but Defendant's notice of appearance and other filings identify this Defendant as NaphCare, Inc. Dkts. 15, 31, 33.

REPORT AND RECOMMENDATION - 2

(E) state the date when the request is sent;
(F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States-- to return the waiver; and
(G) be sent by first-class mail or other reliable means.
(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
(A) the expenses later incurred in making service; and
(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Here, on June 17, 2024, pursuant to Fed. R. Civ. P. 4(d), the Court issued an order directing the Clerk:

> to send the following to Defendants Ilene Anderson (Mental Health Provider, Pierce County Jail), Ruth Muuru (Mental Health Provider, Pierce County Jail), Megan Hamel (MA, LMHC, Pierce County Jail), J. Place (Deputy Sergeant, Pierce County Jail), A. Pecneos (Deputy Officer, Pierce County Jail), and Naphcare Correctional Healthcare, by first class mail: a copy of plaintiff's complaint, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office. …
> Defendant(s) shall have thirty (30) days within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have sixty (60) days after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

Dkt. 6. On the same date the Court issued a separate order directing the U.S. Marshal to personally serve Pierce County. Dkt. 5.

On June 26, 2024, Plaintiff filed a motion to amend the complaint and a proposed amended complaint naming Defendants Pierce County, Anderson, Muuru, Hamel, Place, Pecheos and NaphCare and naming new Defendants K. Bier and R. Hill. Dkt. 14. On June 27, 2024, the Court issued an order granting the motion to amend and directing the Clerk to "effect service of the amended complaint upon Defendants." Dkt. 18.

Defendants Pierce County, Anderson, Muuru, Hamel, Place, K. Bier and NaphCare have filed waivers of service in this matter. Dkts. 20, 22. The Pierce County Prosecuting Attorney's

REPORT AND RECOMMENDATION - 3

1  Office has filed a notice of appearance and an answer on behalf of Defendants Pierce County,
2  Anderson, Muuru, Hamel, Place, and K. Bier. Dkt. 19. Separate counsel as appeared on behalf of
3  NaphCare, and NaphCare has separately moved to dismiss, and the Court has recommended that
4  that motion be granted. Dkts. 33, 31, 39. However, Defendants Hill and Pecheos have not filed
5  waivers of service in this matter nor has a notice of appearance or an answer been filed on their
6  behalf. No additional efforts have been made at this point to serve these Defendants. Thus, at this
7  point, Defendants Hill and Pecheos have not been properly served with the summons and
8  complaint, and therefore, cannot be held in default. *See Quansah v. State of CA Emp. Dev. Dep't*,
9  84 F. App'x 879, 880 (9th Cir. 2003); *Direct Mail Specialists Inc. v. Eclat Computerized Tech.*,
10 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant
11 unless the defendant has been properly served under Fed.R.Civ.P. 4.").

12 Additionally, "[t]he district court's decision whether to enter a default judgment is a
13 discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may
14 be considered by courts in exercising discretion as to the entry of a default judgment include: (1)
15 the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the
16 sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a
17 dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7)
18 the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the
19 merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 *Moore's Federal*
20 *Practice* ¶ 55–05[2], at 55–24 to 55–26). "A party seeking a default judgment must state a claim
21 upon which it may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494,
22 498 (C.D. Cal. 2003).

23

REPORT AND RECOMMENDATION - 4

Here, by separate report and recommendation, the Court has recommended dismissal of Defendant R. Hill for failure to state a claim under 28 U.S.C. § 1915A. Dkt. 39. Thus, entry of default judgment against Defendant R. Hill is inappropriate for this reason as well.

Further, the Court also has reviewed the allegations against Defendant A. Pecheos and finds Plaintiff has also fail to state a claim upon which relief may be granted as currently pled.

Plaintiff's allegations revolve around his medical care. He is a pretrial detainee and thus his right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment and such claims are analyzed under an objective deliberate indifference standard. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 125 (9th Cir. 2018).[4] The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. With respect to the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (omitting internal punctuation and quotation marks). "'[M]ere lack of due care'" is not enough; "the

---

[4] The Court notes that because a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment, it analyzes Plaintiff's claims under the Fourteenth Amendment only. *See Gordon*, 888 F.3d 1118, 1120 ("medical care claims brought by pretrial detainees also 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause'") (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016).

REPORT AND RECOMMENDATION - 5

plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.* (quoting *Castro*, 833 F.3d at 1071).

Here, Plaintiff alleges Defendant A. Pecheos violated his Eighth and Fourteenth Amendment rights to adequate medical care by failing to intervene when Plaintiff requested assistance when PCJ mental health staff did not address his mental health symptoms or provide his psychiatric medication. Dkt. 15 at 45-47. Plaintiff also alleges Defendants Pecheos "acted with a negligent and sufficiently culpable state of mind in failing [his] governmental duties under the letter of law of the State of Washington." *Id.* at 50. But Plaintiff fails to allege any facts to support these conclusory allegations. Plaintiff alleges Defendant Pecheos "failed to intervene" but fails to explain exactly what this Defendant did or failed to do that violated Plaintiff's constitutional or federal statutory rights or state law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim.]"); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Accordingly, Plaintiff's motion for default judgment against Defendant Pecheos should be denied because his allegations fail to state a claim upon which relief may be granted. The Court further recommends Plaintiff's claims against Defendant Pecheos be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Plaintiff should be granted leave to file an amended complaint to cure the deficiencies in these claims within fourteen (14) days of the order adopting this report and recommendation.

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's Motion for Default Judgment (Dkt. 40) against Defendants A. Pecheos and R. Hill be DENIED. The Court further recommends Plaintiff's claims against Defendant Pecheos be dismissed without prejudice at this time for failure to state a claim pursuant to 28 U.S.C. § 1915A. Plaintiff should be granted leave to file an amended complaint to cure the deficiencies in these claims within fourteen (14) days of the order adopting this report and recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 21, 2024.** The Clerk should note the matter for **October 25, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 7th day of October, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7