UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNAID RAMSEY HALL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ILENE ANDERSEN et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-cv-05455-LK<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |

　　　This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida. Dkt. No. 45. The R&R recommends denying Plaintiff Junaid Ramsey Hall's motion for default judgment against Defendants R. Hill and A. Pecheos because there has been no entry of default against either defendant and neither defendant appears to have been properly served or waived service. *Id.* at 1, 4. Judge Tsuchida further recommends that the Court dismiss Mr. Hall's claims against Pecheos for failing to state a claim upon which relief may be granted as currently pled. *Id.* at 5. Mr. Hall did not file any objections to this R&R, but did move to file an amended complaint, Dkt. No. 47.

The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As Judge Tsuchida observes, Mr. Hall has failed to comply with the requirements for default judgment under the Federal Rules of Civil Procedure and this District's Local Civil Rules. Dkt. No. 45 at 2–4. Obtaining a default judgment is a two-step process. First, the moving party must obtain an entry of default. Fed. R. Civ. P. 55(a). And second, the moving party must request a default judgment from the clerk or apply for one from the court. *Id.* 55(b). The Local Civil Rules expressly provide that "[n]o motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1). Here, there is no indication that Mr. Hall obtained an entry of default against either Hall or Pecheos, or that either defendant was properly served or has otherwise waived service. Dkt. No. 45 at 3–4.

The Court therefore adopts the R&R on the basis that Mr. Hall has not satisfied the prerequisites for obtaining default judgment. As for Judge Tsuchida's additional recommendation that certain claims be dismissed without prejudice for failure to state a claim, Dkt. No. 45 at 1, the Court declines to deny Mr. Hall's motion on that basis in light of his subsequently filed and still pending motion for leave to amend his complaint. Dkt. No. 47.

//

//

//

//

For the foregoing reasons, the Court ADOPTS IN PART the R&R, Dkt. No. 45, and DENIES Mr. Hall's Motion for Default Judgment, Dkt. No. 40. The Clerk is directed to send copies of this Order to Mr. Hall at his last known address and to Judge Tsuchida.

Dated this 13th day of November, 2024.

Lauren King
United States District Judge

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 3