UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNAID RAMSEY HALL, <br><br> Plaintiff, <br><br> v. <br><br> ILENE ANDERSON, et al., <br><br> Defendant. | CASE NO. 3:24-cv-05455-LK-BAT <br><br> **ORDER DENYING PLAINTFF'S MOTION FOR COURT ASSISTANCE TO OBTAIN DISCOVERY FROM A NONPARTY DKT. 50** |

Before the Court is Plaintiff's motion requesting the Court to assist him in obtaining records from a nonparty, the Nisqually Indian Tribe. Dkt. 50. The history of this case does not support Plaintiff's motion.

The case was initiated on June 10, 2024, when Plaintiff filed a *pro se* prisoner civil rights complaint. He subsequently filed an amended complaint on June 26, 2024 against Defendants Pierce County, numerous Pierce County employees, Naphcare, and its employees, alleging they violated his rights by providing inadequate medical care as to his mental health. Dkt. 15. In his amended complaint, Plaintiff alleged he was booked into the Pierce County Jail (PCJ) on February 29, 2024 and was denied medications that he received at the Nisqually Jail between January 14, 2024 and January 29, 2024. It appears the PCJ reviewed medications Plaintiff had received from pharmacies in his zip-code, PCJ's own records and the records of the SCORE jail

and found no mental health medication records. At some point in March 2024, Plaintiff reported to PCJ that he had received medications at the Nisqually Jail as he was told to let the PCJ clinic know when he was at the Nisqually Jail so PCF could perform a medication verification. Plaintiff claims he did not receive his mental health medications because PCJ and/or Naphcare negligently failed to obtain his records from the Nisqually Jail and these Defendants have a policy that inmates must request mental health medications within 30 days of booking, and that based upon this policy he was denied mental health medications. Plaintiff grieved the denial of mental health medications multiple times and was eventually told he was on the list to be seen by a mental health professional (MHP).

Plaintiff alleges in April 2024, PCJ responded to a grievance and indicated Plaintiff was seen by a MHP, that Plaintiff has no history of psychiatric medications at PCJ but reported he received medications at the Nisqually jail, and the MHP is pursuing verification. In May 2024, PCJ responded to Plaintiff's grievances that Plaintiff was examined by a PCJ medical provider, had no overt and/or acute mental health symptoms and that medications were thus not clinically appropriate. The grievance response also indicated PCJ "reviewed a response from Nisqually Jail and they state the inmate has no records there." Dkt. 15 at 31.

On September 30, 2024, the Court filed a report and recommendation that Plaintiff's claims against Naphcare be dismissed without prejudice, and that the claims against Pierce County and Defendant Hill be dismissed with prejudice for failure to state a claim. Dkt. 39.

On October 16, 2024, Plaintiff filed a motion to file a second amended complaint (SAC) and attached a proposed SAC. Dkt. 47. Relevant to Plaintiff's present motion for Court assistance to obtain discovery, the proposed SAC adds the "Nisqually Tribe of Indians" as a Defendant and alleges this Defendant was "negligent in providing Naphcare Inc. with the correct

information it requested on behalf of Plaintiff which delayed Plaintiff's drug reconciliation." *Id.* at 9.

There is no basis to add the Nisqually Tribe as a Defendant because "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories. Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (citations omitted). Tribal sovereign immunity extends to both the governmental and commercial activities of a tribe, whether undertaken on or off its reservation. *See Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754–55 (1998); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008).

Hence, because the Nisqually Indian Tribe is immune from suit, it remains at most a nonparty to Plaintiff's action. Additionally, given the various claims Plaintiff has presented in the complaints that he has filed over the course of the case, it does not appear the Nisqually Tribe's conduct is actionable. It appears the PCJ initially thought that Plaintiff, upon booking, had not been prescribed any mental health medications based upon a review of its records, a review of pharmacy records in Plaintiff's zip-code, and a review of records at SCORE jail. Plaintiff claims PCJ and Naphcare were negligent in failing to obtain his records at the Nisqually Jail. The amended complaint indicates that by the time Defendants had contacted the Nisqually Jail more than 30 days had elapsed since Plaintiff's booking. Thus, according to Plaintiff's allegations in his amended complaint he was denied medications because PCJ and Naphcare negligently failed to get his records and the length of his incarceration since booking precluded automatic prescription of his mental medications under PCJ/Naphcare's policies.

Additionally, the PCJ responses to Plaintiff's grievances indicate Plaintiff was seen by a

MHP at PCJ and the MHP indicated that Plaintiff did not have overt and/or acute mental health symptoms and that medications were thus not clinically appropriate. PCJ thus denied Plaintiff mental health medications based upon the MHP's assessment the medications were not necessary.

The Court thus finds no basis to order the Nisqually Jail to provide discovery of the information that Plaintiff seeks. The Court also declines to order the Nisqually Tribe to provide the requested information because the Nisqually Tribe is not a party and discovery from nonparties requires the issuance of a subpoena. *See* Fed. R. Civ. P. 45. A subpoena may issue to compel a nonparty to produce designated documents or things. *See* Fed. R. Civ. P. 45(a)(1). The specific requirements as to the form and contents of such subpoenas are set forth in full in Federal Civil Procedure Rule 45(a)(1)(A) and (B), the factors governing the selection of an issuing court are set forth in Rule 45(a)(2), the procedure for requesting issuance of a subpoena by a litigation party is set forth in Rule 45(a)(3), and the rules governing service of a subpoena are set forth in Rule 45(b).

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff's motion that the Court assist Plaintiff in obtaining information from the Nisqually Tribe, Dkt. 50, is **DENIED**.

2. The Clerk shall provide a copy of this Order to Plaintiff.

DATED this 14th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge