UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNAID RAMSEY HALL,<br><br>                      Plaintiff,<br>   v.<br><br>ILENE ANDERSON et al.,<br><br>                      Defendants. | CASE NO. 3:24-cv-05455-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida. Dkt. No. 61. Judge Tsuchida recommends dismissing Plaintiff Junaid Ramsey's Second Amended Complaint and denying Defendant NaphCare, Inc.'s motion to dismiss and Defendants Pierce County, Ilene Anderson, Ruth Muuru, Megan Hammel, Jessica Place, and Karen Biers' motion for summary judgment as moot. *Id.* at 2; *see also* Dkt. Nos. 31 (motion to dismiss), 62 (Second Amended Complaint), 63 (motion for summary judgment). Mr. Hall did not file any objections to this R&R. For the following reasons, the Court adopts the R&R.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Mr. Hall, who is appearing pro se, was confined in Pierce County Jail during the events at issue in this case. Dkt. No. 62 at 1; *see also* Dkt. No. 59-1 at 2 (Mr. Hall's release date was October 3, 2024). On June 10, 2024, he initiated this action as a pretrial detainee against Defendants Pierce County, several Pierce County employees who are employed at Pierce County Jail, and NaphCare, Inc., alleging that they violated his rights by providing inadequate medical care as to his mental health. Dkt. No. 15. He filed a motion to amend his complaint on June 26, 2024, Dkt. Nos. 14–15, which Judge Tsuchida granted the following day, Dkt. No. 18. In his amended complaint, he avers that while he was confined at the Nisqually Jail in January 2024, he was diagnosed by the jail's mental health department with post-traumatic stress disorder, manic depression, high anxiety disorder, and substance abuse disorder, and was subsequently prescribed various medications. Dkt. No. 15 at 17–18. He alleges that after he was booked into the Pierce County Jail as a pretrial detainee, he was "denied all medications in which were prescribed to him by the psychiatrist at the Nisqually Jail after reporting to medical staff that he had a recent prescription for psychiatric medication . . . during the medical screening process during booking." *Id.* at 18.

On September 30, 2024, Judge Tsuchida issued an R&R recommending that Mr. Hall's claims against NaphCare be dismissed without prejudice, and that the claims against Pierce County and Defendant R. Hill be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Dkt. No. 39 at 2. Mr. Hall filed a motion for default judgment against Hill and co-Defendant A. Pecheos on the same day. Dkt. No. 40. On October 7, 2024, Judge Tsuchida issued a second R&R recommending that the Court deny Mr. Hall's motion for default judgment and that the Court dismiss his claims against Pecheos for failure to state a claim. Dkt. No. 45 at 7.

On October 16, 2024, Mr. Hall moved to amend his complaint again. Dkt. No. 47. Before Judge Tsuchida ruled on that motion, the Court adopted in part the October 7, 2024 R&R, denying

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

the motion for default judgment but declining to dismiss Pecheos in light of Mr. Hall's motion to amend his complaint. Dkt. No. 54 at 2–3.

Judge Tsuchida granted leave for Mr. Hall to amend his complaint on November 18, 2024, Dkt. No. 56 at 1, and Mr. Hall's Second Amended Complaint was posted to the docket on the same day, Dkt. No. 62. In addition to NaphCare and Pierce County, the Second Amended Complaint named a number of other defendants, including the Nisqually Tribe of Indians, several Pierce County Jail employees (Ilene Anderson, Ruth Muuru, Megan Hammel, Jessica Place, and Karen Biers), several NaphCare employees (Juanita Aguilar, Samuel Rains, Marlita Tresch, and Carrie Roderer), a medical employee at the Nisqually Tribal Jail named Senovia, and several employees of the Pierce County Sheriff's Department (Kevin Roberts, Jessica Place, A. Pecheos, and Patti Jackson). *Id.* at 4–6; *see also id.* at 8–25.

Mr. Hall alleges in the Second Amended Complaint that Defendants violated his Fifth and Fourteenth Amendment rights to "adequate and necessary medical care" in various ways. Dkt. No. 62 at 7. Specifically, Mr. Hall asserts that NaphCare has a practice of "refusing incarcerated individuals drug reconciliation with previously or recently prescribed medications surpassing thirty (30) days of confinement at the Pierce County Jail," and that Pierce County enables this practice. *Id.* at 8. Mr. Hall avers that this practice enabled each individually named defendant to deny him his previously prescribed medications, and consequently each individually named defendant also violated his rights by upholding this policy. *Id.* at 9–10.[1] Mr. Hall also alleges that the Nisqually Tribe and its employee, Senovia, are liable for negligently failing to provide NaphCare with information about his medications, which delayed and ultimately prevented him

---

[1] Although Mr. Hall lays out his allegations for each individual defendant, they all generally advance identical grievances: he alleges that each individual defendant violated his rights by denying him medications either negligently or based upon deliberate indifference to an unidentified "risk of suffering or serious harm." *Id.* at 10–25.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1  from receiving his medications due to NaphCare's 30-day practice. *Id.* at 9, 21.

2  **II.  DISCUSSION**

3  **A.  Legal Standards**

4  Mr. Hall filed his Second Amended Complaint while he was detained at the Pierce County Jail. The Court reviews complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if the complaint is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *accord id.* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In order to state a claim, a complaint must contain a short and plain statement establishing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). It also must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. Hence, a complaint must allege facts supporting an enforceable right to relief. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc). The Court is not bound to accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

B.  **Second Amended Complaint**

Judge Tsuchida recommends dismissal of the Second Amended Complaint because it "fails to set forth sufficient factual grounds to state a claim for relief." Dkt. No. 61 at 7. He notes that the Second Amended Complaint raises claims under 42 U.S.C. § 1983, which requires a plaintiff to show that "(1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law." *Id.* at 5 (citing *Crumpton v. Gates*, 947 F.2d 1418, 1402 (9th Cir. 1992)). Mr. Hall's claims here involve alleged violations by Defendants to his right to adequate medical care; because they arose while he was a pretrial detainee at the Pierce County Jail, they arise under the Fourteenth Amendment's due process clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Such claims are analyzed under an objective deliberate indifference standard. *Id.* To state a claim for a violation of the right to adequate medical care under the Fourteenth Amendment, a pretrial detainee plaintiff must establish that (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined," (2) "those conditions put the plaintiff at substantial risk of suffering serious harm," (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious," and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

As Judge Tsuchida notes, "the deliberate indifference standard is a higher standard than negligence or lack of ordinary due care for the prisoner's safety." Dkt. No. 61 at 8–9 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). The plaintiff therefore needs to "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)) "The

mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (cleaned up).

Judge Tsuchida concludes that here, Mr. Hall fails to set forth in his Second Amended Complaint grounds to state a claim of inadequate medical care under the Fourteenth Amendment. Specifically, Judge Tsuchida observes that while Mr. Hall alleges that NaphCare and Pierce County have a policy in which a detainee who has been in custody for more than 30 days cannot obtain an automatic renewal of a prescription, he does not allege that this policy is inherently unlawful. Dkt. No. 61 at 7. Rather, Judge Tsuchida reasons, the thrust of Mr. Hall's Second Amended Complaint appears to be that the Pierce County Jail employee and NaphCare employee defendants were negligent in failing to contact the Nisqually Jail within 30 days of his booking in the Pierce County Jail, and that the Nisqually Tribe and Senovia were also negligent in initially informing Pierce County Jail that they had no medication records for him but later informing it that he did receive some medications at the Nisqually Jail for several days. *Id.* at 8. However, Judge Tsuchida finds that even this liberal construction of the Second Amended Complaint is not enough to state a claim for inadequate medical care under the Fourteenth Amendment, as negligence—and even gross negligence—does not rise to the level of deliberate indifference. *Id.* at 8–9.

Judge Tsuchida also finds insufficient Mr. Hall's claim that the individually named Pierce County Jail and NaphCare employee defendants violated his rights "by not providing an 'unbiased professional mental health evaluation' following numerous grievances." Dkt. No. 61 at 10 (quoting Dkt. No. 47 at 10). Based on Mr. Hall's arguments, Judge Tsuchida interpreted this claim to relate to an evaluation conducted by a mental health professional at Pierce County Jail in which he indicated that Mr. Hall "lacked overt or acute mental health symptoms" and therefore denied Mr. Hall mental health medications because such medications were "not clinically appropriate." *Id.*

(quoting Dkt. No. 36 at 18–19). Judge Tsuchida concludes that while Mr. Hall "alleges his evaluation was not 'unbiased' or was not 'professional' he presents no factual support [that] the evaluation was invalid" or otherwise medically unacceptable, and therefore "fails to state a claim upon which relief may be granted that Defendants intentionally performed an objectively unreasonable mental health exam that led to improper denial of medications." *Id.* at 10–11 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).[2]

Finally, Judge Tsuchida addresses Mr. Hall's claims against the Nisqually Tribe and Senovia (a medical employee at the Nisqually Tribal Jail), in which he alleges that they "were negligent in providing Naphcare Inc. with the correct information it requested of [Mr. Hall] which delayed [Mr. Hall's] drug reconciliation." Dkt. No. 61 at 11 (quoting Dkt. No. 62 at 9). Judge Tsuchida observes that suits against Indian tribes like the Nisqually Tribe are "barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation," *id.* (quoting *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991), and this "immunity extends to both the governmental and commercial activities of a tribe, whether undertaken on or off its reservation, *id.* (citing *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754–55 (1998); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008)).[3] Judge Tsuchida recommends dismissal of the Nisqually Tribe from the action because it "is immune from

---

[2] Judge Tsuchida also observes that Mr. Hall's allegations against the individually named Pierce County Jail employee and NaphCare employee defendants rely upon conclusory statements that each defendant violated Mr. Hall's rights by denying him medications based upon the 30-day policy and that each defendant was thus indifferent to Mr. Hall's medical needs. *Id.* at 9. Judge Tsuchida notes that Mr. Hall "must set forth facts showing how [each] individually named defendant caused, or personally participated in causing, the harm alleged," and that "[t]he conclusory allegations in the [Second Amended Complaint] fail to set forth a factual basis to state a claim upon which relief may be granted." *Id.* at 9–10; *see also Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

[3] *See also* Nisqually Indian Tribe Jail Services Agreement (Oct. 3, 2023), *available at* https://dms.masoncountywa.gov/WebLink/DocView.aspx?id=554797&dbid=0&repo=mason&cr=1 (containing a limited waiver of sovereign immunity that does not extend to the issues in this case).

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

suit." *Id.* He also recommends dismissal of Senovia, who does not enjoy sovereign immunity from claims against her in her personal capacity, because even if, as Mr. Hall claims, Senovia negligently informed the Pierce County Jail that the Nisqually Jail had no records for Mr. Hall, such negligence does not state a valid claim for medical mistreatment under the Eighth Amendment. *Id.*

The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). As stated above, Mr. Hall did not file any objections to the R&R. The Court therefore adopts the R&R and dismisses Mr. Hall's Second Amended Complaint.

## C.   Leave to Amend

Judge Tsuchida also recommends that Mr. Hall's Second Amended Complaint be dismissed with prejudice because he has already amended his complaint twice and because he claims are futile. Dkt. No. 61 at 12–13. While courts generally provide leave for a pro se prisoner plaintiff like Mr. Hall to amend his complaint, leave may be denied if there is evidence of bad faith, undue delay, prejudice to the opposing party, or futility of amendment, or if the plaintiff has previously amended his complaint. *Allen v. Beverley Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* (citation omitted).

Here, as Judge Tsuchida observes, Mr. Hall has already amended his complaint twice. Dkt. No. 61 at 12; *see also* Dkt. Nos. 15, 47, 56, 62. However, the amendments have not remedied his claims' shortcomings. Leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Mr. Hall has not requested further leave to amend, filed objections to the R&R, or explained what further amendments he would make if given the chance. *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518

F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint and failed to state what additional facts they would plead if given leave to amend). Additionally, the Court agrees with Judge Tsuchida that it would be futile to permit Mr. Hall to amend his complaint further, as his claims of negligence do not suffice to establish a Fourteenth Amendment claim.

### III. CONCLUSION

Having reviewed the R&R and the remainder of the record, and in the absence of any objections by Mr. Hall, the Court hereby finds and ORDERS the following:

1. The Court ADOPTS the R&R, Dkt. No. 61.
2. The Court DISMISSES Mr. Hall's Second Amended Complaint, Dkt. No. 62, without further leave to amend.
3. The Court DENIES as moot NaphCare's Motion to Dismiss, Dkt. No. 31, and Pierce County, Anderson, Muuru, Hammel, Place, and Biers' Motion for Summary Judgment, Dkt. No. 63.
4. The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 26th day of March, 2025.

Lauren King
United States District Judge